The Full Commission has reviewed the prior Opinion and Award and defendants assignments of error based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II, and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the prior Opinion and Award. However, pursuant to its authority under G.S. 97-85, the Full Commission has modified the Deputy Commissioners decision regarding the date of plaintiffs change of condition and enters the following Opinion and Award.
***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing on 20 July 1998 and subsequent thereto as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, which has jurisdiction over the parties and the subject matter of this action. All the parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employer-employee relationship existed between defendant-employer and plaintiff-employee at all relevant times alleged herein.
3. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on 12 June 1992.
4. The workers compensation carrier on risk at the relevant times herein is Travelers Insurance Company.
5. Plaintiffs average weekly wages at all relevant times herein were $417.90 per week, yielding a compensation rate of $278.61 per week.
6. The issue to be determined is whether plaintiff is entitled to any additional workers compensation benefits?
***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 13 July 1992, the parties entered into an Industrial Commission Form 21 Agreement for Compensation for plaintiffs wrist and chest, which was approved by the Commission on 3 September 1992. Pursuant to this Form 21, defendants were to pay plaintiff temporary total disability compensation at the rate of $278.61 per week for necessary weeks.
2. On 24 February 1994, a hearing was held before Deputy Commissioner Edward Garner, Jr. In his 29 June 1994 Opinion and Award, Deputy Commissioner Garner found, as was admitted by defendants through the Form 21 Agreement, that plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer on 12 June 1992. Also at issue during the hearing before Deputy Commissioner Garner was whether or not plaintiffs back condition was causally related to the 12 June 1992 incident. On this issue, Deputy Commissioner Garner found that plaintiff had not only sustained injuries to his wrist and chest, but that he had also sustained a compensable injury to his back as the result of the 12 June 1992 injury by accident.
3. Defendants then appealed Deputy Commissioner Garners Opinion and Award to the Full Commission. On 2 June 1995, the Full Commission entered an Opinion and Award affirming the Opinion and Award of Deputy Commissioner Garner. Both Opinion and Awards are hereby incorporated herein.
4. Subsequent to the Full Commissions 2 June 1995 Opinion and Award, the parties entered into an Industrial Commission Form 26 Supplemental Agreement for Compensation on 6 November 1995, which was approved by the Commission on 8 February 1996. Pursuant to this Form 26 Agreement, defendants were to pay plaintiff permanent partial disability compensation at the rate of $278.61 per week for a period of nine weeks (9) for the three percent (3%) permanent disability he sustained to his back as the result of the 12 June 1992 injury by accident. This permanent partial disability rating had been assigned by Dr. David N. Dupuy.
5. Following his injury by accident on 12 June 1992, plaintiff was able to return to work for defendant-employer on 3 August 1992. At the time the Full Commissions 2 June 1995 Opinion and Award was filed, plaintiff continued to work for defendant-employer in this capacity.
6. Plaintiffs initial injury was on 12 June 1992. Since that date and the dates of the prior Awards of the Commission, plaintiff has experienced repeated flare-ups involving pain in his lower back and legs, the pain being worse in his right leg.
7. Due to complaints of back pain, plaintiff was examined by Dr. John Welshofer at the Miller Orthopaedic clinic on 10 September 1996. Dr. Welshofer is an orthopedic surgeon with a specialty in physical medicine and rehabilitation. Dr. Welshofer diagnosed plaintiff as having mild cervical spondylosis with some degeneration of a disc in his lumbar spine.
8. During the period of treatment provided by Dr. Welshofer, plaintiff was referred to Dr. Richard Berkowitz, a chiropractor who first examined plaintiff in March 1997. The parties agreed that Dr. Berkowitz is an expert in the area of chiropractic medicine. Plaintiff reported experiencing sharp, diffuse, constant, low back pain with radiation into his right lower extremity to his foot. Dr. Berkowitz diagnosed plaintiff as having lumbar somatic dysfunction and lumbar myofascitis.
9. In June 1997, plaintiff experienced a particularly severe increase in back pain and returned to Dr. Welshofer. However, Dr. Welshofer was unable to offer new treatment options, and on 3 June 1997 recommended that plaintiff be examined by a physician at Charlotte Orthopaedic Specialists. Plaintiff continued to work for defendant-employer through 22 June 1997, when he was no longer able to work due to the pain he was experiencing in his lower back and legs.
10. On 23 June 1997, plaintiff was examined by Dr. Leon A. Dickerson at Charlotte Orthopaedic Specialists. The parties agreed that Dr. Dickerson is an expert in the area of orthopedics. Nonetheless, and despite Dr. Welshofers recommendation, defendants advised plaintiff that treatment by Dr. Dickerson would not be approved. Following his initial examination, Dr. Dickerson opined that plaintiff had a herniated disc and approved his removal from work. Dr. Dickerson further opined that plaintiffs 12 June 1992 injury by accident was causally related to his current disc problems and pain symptoms.
11. On 1 December 1997, Dr. Dickerson performed surgery, fusing plaintiffs fourth and fifth vertebrae and placing two metal cages between the vertebral bodies. However, this initial fusion surgery was not successful, necessitating a second surgery which was performed by Dr. Dickerson on 5 February 1998. During this second procedure, Dr. Dickerson removed the cages and placed plates and screws in plaintiffs back.
12. Following the surgery performed on 5 February 1998, plaintiffs condition began to improve and he was experiencing reduced back pain. Dr. Dickerson opined that with continued improvement, plaintiff would be able to return to work with restrictions. Dr. Dickerson has assigned plaintiff a permanent partial disability rating of twenty-five percent (25%).
13. The treatment provided by Dr. Dickerson was reasonably necessary to effect a cure and provide relief to plaintiff for his back condition.
14. The severe back problems plaintiff experienced in June 1997 and the resulting surgical procedures were causally related to his injury by accident of 12 June 1992.
15. On 22 June 1997, plaintiff sustained a substantial change of condition regarding the physical condition of his back which detrimentally affected his wage earning capacity.
16. As the result of his substantial change of condition, plaintiff sustained an additional twenty-two percent (22%) permanent partial disability to his back.
17. As the result of his substantial change of condition, plaintiff has been unable to earn wages in his former position with defendant-employer or in any other employment from 22 June 1997 through the present and continuing.
18. Defendant-employer provided plaintiff with short-term and long-term disability benefits beginning on 22 June 1997.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In determining whether a change of condition has occurred which entitles an employee to additional compensation, the primary factor is a change of condition affecting the employees physical capacity to earn wages. East v. Baby Diaper Services, Inc.,119 N.C. App. 147, 457 S.E.2d 737 (1995). On 22 June 1997, plaintiff sustained a substantial change of condition regarding physical condition of his back which detrimentally affected his wage earning capacity. G.S. 97-47.
2. As the result of his substantial change of condition, plaintiff is entitled to be paid by defendants ongoing total disability compensation at the rate of $278.61 per week for the period of 23 June 1997 through the present and continuing until such time as he returns to work or further order of the Commission. G.S. 97-29.
3. The treatment provided by Dr. Dickerson was reasonably necessary to effect a cure and provide relief to plaintiff for his back condition and he is designated by the Commission as plaintiffs primary treating physician. G.S. 97-25.
4. As the result of his substantial change of condition, plaintiff is entitled to have defendants pay for all related medical expenses, including expenses related to the treatment provided by Dr. Dickerson. G.S. 97-25.
5. Defendants are entitled to a credit for short-term and long-term disability benefits paid to plaintiff beginning on 22 June 1997. G.S. 97-42.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff ongoing total disability compensation at the rate of $278.61 per week for the period of 23 June 1997 through the present and continuing until such time as he returns to work or further order of the Commission. From the amounts having accrued, this compensation shall be paid to plaintiff in a lump sum. This compensation is subject to the attorneys fee and credit approved herein.
2. Defendants shall pay for all related medical expenses incurred by plaintiff, including expenses related to the treatment provided by Dr. Dickerson.
3. Defendants are entitled to a credit for short-term and long-term disability benefits paid to plaintiff beginning on 22 June 1997.
4. A reasonable attorneys fee in the amount of twenty-five (25%) percent of the compensation awarded to plaintiff is approved for plaintiffs counsel. From the amounts having accrued, this fee shall be deducted from amounts due plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check thereafter.
5. Defendants shall pay the costs of this action.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER